## SUPERIOR COURT

Abbie L. Hubbard  
   vs.       } Law No.52481  
T. Raymond Scott

RESCRIPT

January 16, 1925

BAKER, J.   Heard on plaintiff's motion for a new trial after the jury had returned a verdict for the defendant. The ground alleged in the motion is that the verdict is against the weight of the evidence.

The facts show that the plaintiff in this case was a guest or passenger riding in an automobile owned and operated by her husband at a time when said automobile was in collision with a machine owned and driven by the defendant. The accident in question occurred. in Hopedale, Massachusetts, at the intersection of two highways.

The only question raised in the case on the evidence is as to the defendant's negligence.

The plaintiff's claim is that the defendant, under the statutes of the Commonwealth of Massachusetts, should have granted the right of way to her husband's car as it was approaching from the right at the point of intersection of the highways where the accident occurred, but that the defendant failed to do this, and by reason of this failure and by reason of his manner of operating his automobile, caused it negligently to come into collision with the car driven by the plaintiff's husband.

The defendant contends that he was familiar with the statutes of the Commonwealth of Massachusetts and that he yielded the right of way to the car operated by the plaintiff's husband, but that this automobile stopped suddenly and without warning in the middle of the intersection of the two highways, with the result that the defendant was unable to entirely clear the automobile in which the plaintiff was riding; that he tried his best to do so, but came into contact with the rear portion of it, and defendant claims that he was guilty of no negligence under all the circumstances surrounding the situation.

The issue between the parties was without question one for the jury to determine. It is evident that neither automobile was proceeding very rapidly. The two cars were in full view of each other at the time of the collision, which was during daylight, and there was no other traffic on the road.

The defendant insists that the accident happened solely because the automobile in which the plaintiff was riding stopped suddenly and without warning in the middle of the intersection of the highways. He claims that if the car owned by the plaintiff's husband had proceeded in the ordinary way, he would have passed behind it with ten feet or more to spare.

The plaintiff, on the other hand, argues that the defendant was guilty of negligence in that he did not approach the intersection with due care and that his speed was such that he was unable to pass behind the car in which the plaintiff was.

The defendant testifies that he was going at approximately fifteen miles an hour as he approached and came into the intersection.

The automobile owned by the plaintiff's husband was struck in the extreme rear. It was pushed in a sideways direction, according to the weight of the evidence, in the neighborhood of a foot, which would seem to show that the defendant's machine was not proceeding at a very rapid rate of speed. There were certain tire marks made on the road by the automobile in which the plaintiff was, which tended to support the defendant's story that the other automobile stopped suddenly.

The court was impressed on the whole much more favorably by the defendant and his witnesses than by the plaintiff and her witnesses.

Taking all the facts and circumstances of the case into consideration, the court does not feel that it can say that the mere fact that the defendant operated his car at a speed of about fifteen miles an hour as he entered or approached the intersection of the highways was, under all the circumstances of the case, such an act as to constitute him guilty of negligence. In the judgment of the court the verdict of the jury is supported by the fair preponderance of the testimony and responds to the merits of the case.

Plaintiff's motion for a new trial is denied.

For Plaintiff: R. T. Barnefield.

For Defendant: Walling & Walling.